IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| FLOYD L. WALLACEJR., <br><br> Plaintiff, <br><br> vs. <br><br> NICOLAS YANEZ, 1506; BRIAN DIMINICON, 1988; WILLIAN SEATON, 1761; and OMAHA POLICE DEPARTMENT, <br><br> Defendants. | **8:17CV305** <br><br><br> **MEMORANDUM AND ORDER** |

Plaintiff filed his Complaint on August 17, 2017. (Filing No. 1.) He has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff brings this action against the Omaha Police Department and three Omaha police officers in their individual capacities. Plaintiff alleges that on July 12, 2016, Officers Nicolas Yanez, William Seaton, and Brian Diminico[1] conducted a no-knock raid at Plaintiff's residence, kicked in his door, put guns to Plaintiff's face, and arrested him for a crime he did not commit. Plaintiff alleges the officers arrested him for robbery which "got dismissed" on August 19, 2016. (Filing No. 1 at CM/ECF p.4.) As a result of these events, Plaintiff claims he suffered emotional distress, for which he received treatment while in jail, and that he was evicted and

---

[1] The spelling of the individual officers' names differs between the caption and the body of the Complaint. (See Filing No. 1 at CM/ECF pp.1–3.) The court will use the spelling from Section B of the Complaint identifying each Defendant.

carries that "eviction on [his] record for seven years." (*Id.* at CM/ECF p.5.) For relief, Plaintiff seeks $100,000.00 in damages.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights

protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

## III. DISCUSSION OF CLAIMS

Plaintiff asserts claims under 42 U.S.C. § 1983 based on wrongful imprisonment, false arrest, destruction of property, and violations of 18 U.S.C. § 241 and the Fourth Amendment. For the reasons that follow, the Complaint's allegations are insufficient to state a plausible claim for relief.

### A. No Private Right of Action under 18 U.S.C. § 241

As an initial matter, Plaintiff's claim that his rights under 18 U.S.C. § 241 were violated fails as a matter of law. Section 241 makes it a crime for two or more persons to conspire to violate constitutional or statutory rights. 18 U.S.C. § 241. That provision does not create a private right of action. *See Mousseaux v. U.S. Com'r of Indian Affairs*, 806 F. Supp. 1433, 1437 (D.S.D. 1992), *aff'd in part, remanded in part sub nom. Mousseaux v. United States*, 28 F.3d 786 (8th Cir. 1994); *see also Davis v. Sarles*, 134 F. Supp. 3d 223, 228 (D.D.C. 2015).

### B. Claims against Omaha Police Department

Plaintiff names the Omaha Police Department in its official capacity as a Defendant in this matter. However, the Omaha Police Department is not a distinct legal entity amenable to suit under § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such"); *Dean v. Barber*, 951 F.2d 1210, 1214–15 (11th Cir. 1992) ("[s]heriff's departments and police departments are not usually considered legal entities subject to suit"). Construing the Complaint as a suit against the City of Omaha itself, municipal liability under § 1983 will lie

only if a municipal policy or custom caused a violation of Plaintiff's constitutional rights. *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)).

To establish the existence of a governmental custom, a plaintiff must prove:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, Plaintiff does not allege that there is a continuing, widespread, persistent pattern of unconstitutional misconduct by the City of Omaha's police officers, or that the City of Omaha's policymaking officials were deliberately indifferent to or tacitly authorized any unconstitutional conduct. In addition, Plaintiff does not allege that an unconstitutional custom was the moving force behind the alleged constitutional violation. Accordingly, Plaintiff has failed to allege sufficient facts to state a claim for relief against the City of Omaha. However, on the court's own motion, Plaintiff shall have 30 days in which to amend his Complaint to clearly state a claim upon which relief can be granted against the City of Omaha.

**C. Claims against Officers Yanez, Diminico, and Seaton**

Liberally construed, Plaintiff alleges Officers Yanez, Diminico, and Seaton entered his residence, damaged his property, and arrested him in violation of the

Fourth and Fourteenth Amendments. The Fourth Amendment, applicable to the States through the Fourteenth Amendment, provides: "The right of the people to be secure in their persons . . . against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause . . . particularly describing the place to be searched, and the persons or things to be seized." The general rule is that "'Fourth Amendment seizures are "reasonable" only if based on probable cause' to believe that the individual has committed a crime." *Bailey v. United States*, 568 U.S. 186, 192 (2013) (quoting *Dunaway v. New York*, 442 U.S. 200, 213 (1979)). Likewise, a search of private property, without proper consent, is unreasonable unless it has been authorized by a valid search warrant. *See Groh v. Ramirez*, 540 U.S. 551, 559 (2003).

Here, the Complaint merely contains Plaintiff's bare assertion that he was arrested for a crime he did not commit. The Complaint contains no factual allegations from which the court can infer that the officers arrested Plaintiff without probable cause or, even, whether the officers acted without a warrant. *See Anderson v. Franklin County*, 192 F.3d 1125, 1131 (8th Cir.1999) (false arrest claim under § 1983 does not lie where officer had probable cause to make arrest). Plaintiff's reference to a "no-knock raid" implies that the officers may have been acting pursuant to a no-knock warrant. However, the Complaint's lack of factual allegations regarding the circumstances surrounding Plaintiff's arrest prevents the court from drawing any sort of inference about the validity or invalidity of any such warrant. Plaintiff has failed to allege sufficient facts to "nudge" his claims of unlawful arrest against the individual officers across the line from conceivable to plausible.

Plaintiff has also failed to state a plausible Fourth Amendment claim for property damage. "To state a Fourth Amendment claim under § 1983 for property damage, the plaintiff must allege that the searching officers acted unreasonably in causing the property damage." *Rassier v. Sanner*, No. CV 17-938 (DWF/LIB), 2017 WL 5956909, at *5 (D. Minn. Nov. 30, 2017) (citing *Cook v. Gibbons*, 308 Fed.Appx. 24, 28 (8th Cir. 2009) ("[O]fficers executing search warrants on

occasion must damage property in order to perform their duty.")). As the court previously stated, the Complaint lacks sufficient facts regarding the circumstances of the officers' entry into Plaintiff's residence from which the court could infer that they acted unreasonably in damaging Plaintiff's door.

On the court's own motion, Plaintiff shall have 30 days in which to amend his Complaint to clearly state a claim upon which relief can be granted against Officers Yanez, Diminico, and Seaton. Plaintiff should be mindful to clearly set forth the facts surrounding his arrest and the actions of each named Defendant. Any amended complaint shall fully restate the allegations of Plaintiff's current Complaint (Filing No. 1), and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this action without further notice to Plaintiff.

## D. Plaintiff's State Law Claims

Liberally construing the Complaint, Plaintiff may also have claims for violations of state law such as negligence, false imprisonment, damage to property, and conspiracy. Pending amendment of the Complaint as set forth in this Memorandum and Order, the court makes no finding regarding its jurisdiction over any potential state law claims.

IT IS THEREFORE ORDERED that:

1.     Plaintiff shall file an amended complaint by **March 5, 2018**, that states a claim upon which relief may be granted against the City of Omaha, Yanez, Diminico, and Seaton. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2.     The clerk of the court is directed to set a pro se case management deadline using the following text: **March 5, 2018**: check for amended complaint.

Dated this 2nd day of February, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge
